# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MICHAEL DYLAN HENSHAW and KIMBERLY HENSHAW,<br><br>Debtors. | Case No. 11-00853<br>Chapter 7 |
| DANE FIELD, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>PHILIP DANIEL HENSHAW and BARBARA WRESSEL HENSHAW,<br><br>Defendants. | Adv. Pro. No. 12-90070<br><br><br><br>Re: Docket No. 18 |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS COUNTERCLAIM

This motion presents the question of whether the doctrine of issue preclusion bars the defendants' counterclaim. I conclude that it does.

The defendants in this adversary proceeding, Philip and Barbara Henshaw, are the parents of Michael Dylan Henshaw, one of the debtors. In 2007, Mr. and Mrs. Henshaw and the debtors acquired property in Kailua-Kona. The deed stated that they took title as joint tenants. Mr. and Mrs. Henshaw claim that they paid

virtually all of the purchase price for the property and most of the debt service.

In 2010, the debtors quitclaimed their interest in the property to Mr. and Mrs. Henshaw. In 2011, the debtors filed a chapter 7 petition.

The bankruptcy trustee commenced an adversary proceeding (Adv. No. 11-90105, the "first adversary proceeding") seeking to avoid the 2010 quitclaim deed as a fraudulent transfer. In response to the trustee's motion for summary judgment, Mr. and Mrs. Henshaw argued (among other things) that the debtors' true interest in the property was one percent or less (based on their contribution to the purchase price), not a half interest in the property as joint tenancy would require, and that the value which Mr. and Mrs. Henshaw gave in return for the quitclaim deed was reasonably equivalent to the value of the debtors' true ownership interest in the property. I granted the trustee's motion, holding that: (1) the 2007 deed unambiguously stated that the debtors held a joint tenancy interest in the property; (2) the parol evidence rule bars the admission of extrinsic evidence to vary or contradict the deed's plain terms; (3), as joint tenants, the debtors necessarily owned a half interest in the property; and (4) any value the debtors received in exchange for the transfer was not reasonably equivalent to the value of a half interest in the property. The district court affirmed my order on appeal.

Having avoided the debtors' transfer of the property to Mr. and Mrs. Henshaw and recovered the debtors' half interest for the estate, the trustee commenced this adversary proceeding to sell the debtors' interest in the property together with Mr. and Mrs. Henshaw's interest, pursuant to Bankruptcy Code § 363(h). Mr. and Mrs. Henshaw filed a counterclaim, seeking reformation of the 2007 deed to conform to the parties' alleged intention that they would own the property in proportion to their respective contributions to the purchase price.

The trustee moves the court to dismiss the counterclaim on two grounds.

First, the trustee argues that the reformation claim was a compulsory counterclaim which the Henshaws failed to assert in the first adversary proceeding. The Henshaws correctly point out that Fed. R. Bankr. P. 7013 provides that "a party sued by a trustee . . . need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief." The Henshaws' reformation claim arose when the 2007 deed was signed, long before the petition. Accordingly, the reformation claim was not a compulsory counterclaim in the first adversary proceeding.

Second, the trustee argues that the doctrine of issue preclusion bars the reformation claim. I agree.

3

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 36   Filed  03/13/13   Page 3 of 6

"The doctrine of collateral estoppel [now called issue preclusion] bars the relitigation of issues that were resolved in a prior proceeding, even if the later suit involves a different cause of action." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

"One of the most difficult problems in the application of the rule of [issue preclusion] is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment." Restatement (Second) of Judgments § 27 cmt. c (1982). "The doctrine of [issue preclusion] applies only when the issues presented in each matter are identical. The doctrine is inapplicable if the issues are merely similar." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1399-400 (9th Cir. 1992). When deciding whether the issue is "identical" or "merely similar," the Restatement suggests consideration of relevant factors such as,

> Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding? Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? How closely related are the claims involved in the two proceedings?"

Id. The Ninth Circuit has adopted this formulation. See, e.g., Disimone v. Browner, 121 F.3d 1262, 1267-68 (9th Cir. 1997); Steen v. John Hancock Mut.

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 36   Filed  03/13/13   Page 4 of 6

Life Ins. Co., 106 F.3d 904, 912 (9th Cir. 1997).

These factors indicate that the issue which the Henshaws seek to raise in this proceeding, under the rubric of "reformation," is the same as the issue which the first adversary proceeding decided.

- The evidence and argument in this case would be identical to the evidence and argument in the first adversary proceeding. The factual basis for the Henshaws' opposition to the trustee's motion for summary judgment in the first adversary proceeding (dkt. no. 20) is the same as the factual allegations of the counterclaim in this adversary proceeding (dkt. no. 9). In both cases, the Henshaws made the same basic argument: the deed should not be read and applied as written.
- There is no new evidence in this adversary proceeding.
- The parties' preparation in the first adversary proceeding should and would have been substantially the same as in this adversary proceeding.
- The substance of the claims in the two proceedings is identical. The only difference is that the Henshaws have applied the reformation label to their arguments in this case but did not use that term in the

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 36   Filed  03/13/13   Page 5 of 6

first adversary proceeding. Reformation is just another legal pigeonhole in which the Henshaws attempt to place their argument that the deed does not mean what it says.

The Henshaws are attempting to avoid the preclusive effect of the judgment in the first adversary proceeding by attaching a different legal label to the same factual and legal scenario. This they cannot do. As the Ninth Circuit has observed,

> '[O]nce an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case.' Yamaha Corp. of America v. United States, 961 F.2d 245, 254 (D.C.Cir.1992), cert. denied, 506 U.S. 1078, 113 S.Ct. 1044, 122 L.Ed.2d 353 (1993). See also Restatement (Second) of Judgments § 27 ("[I]f the party against whom preclusion is sought did in fact litigate an issue ... and suffered an adverse determination, ... new arguments may not be presented to obtain a different determination of that issue."); 1B Moore's Federal Practice ¶ 0.443[2] ("Any contention that is necessarily inconsistent with a prior adjudication of a material and litigated issue ... is subsumed in that issue and precluded by the effect of the prior judgment as collateral estoppel.").

Kamilche Co. v. United States, 53 F.3d 1059, 1063 (9th Cir. 1995), opinion amended on reh'g sub nom. Kamilche v. United States, 75 F.3d 1391 (9th Cir. 1996). See also Starker v. United States, 602 F.2d 1341, 1344-45 (9th Cir. 1979) (issue preclusion applies despite a "switch in verbal formula").

Therefore, the motion is GRANTED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 03/13/2013

6