UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re<br><br>MICHAEL DYLAN HENSHAW and KIMBERLY HENSHAW,<br><br>    Debtors. | Case No. 11-00853<br>Chapter 7 |
|---|---|
| DANE FIELD, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILIP DANIEL HENSHAW and BARBARA WRESSEL HENSHAW,<br><br>    Defendants. | Adv. Pro. No. 12-90070<br><br><br><br><br><br>Re: Docket No. 58 |

## MEMORANDUM OF DECISION CONCERNING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The chapter 7 trustee seeks authority to sell the estate's half interest in certain property together with the co-owners' interests. I conclude that the trustee has carried his burden of proof under 11 U.S.C. § 363(h).

The defendants in this adversary proceeding, Philip and Barbara Henshaw, are the parents of Michael Dylan Henshaw, one of the debtors. In 2007, Mr. and Mrs. Henshaw and the debtors acquired property in Kailua-Kona. The deed stated

that they took title as joint tenants. Mr. and Mrs. Henshaw claim that they paid virtually all of the purchase price for the property and most of the debt service.

In 2010, the debtors quitclaimed their interest in the property to Mr. and Mrs. Henshaw. In 2011, the debtors filed a chapter 7 petition.

The bankruptcy trustee commenced an adversary proceeding (Adv. No. 11-90105, the "first adversary proceeding") seeking to avoid the 2010 quitclaim deed as a fraudulent transfer. I granted the trustee's motion for summary judgment in the first adversary proceeding, holding that: (1) the 2007 deed unambiguously stated that the debtors held a joint tenancy interest in the property; (2) the parol evidence rule bars the admission of extrinsic evidence to vary or contradict the deed's plain terms; (3), as joint tenants, the debtors necessarily owned a half interest in the property; and (4) any value the debtors received in exchange for the transfer was not reasonably equivalent to the value of a half interest in the property. The district court affirmed my order on appeal. The Henshaws' appeal to the Ninth Circuit is pending.

Having avoided the debtors' transfer of the property to Mr. and Mrs. Henshaw and recovered the debtors' half interest for the estate, the trustee commenced this adversary proceeding to sell the debtors' interest in the property together with Mr. and Mrs. Henshaw's interest, pursuant to section 363(h) of the

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 78   Filed 07/10/13   Page 2 of 6

Bankruptcy Code. The trustee now seeks summary judgment (dkt. no. 58).

## DISCUSSION

Section 363(h) of the Bankruptcy Code provides:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> > (1) partition in kind of such property among the estate and such co-owners is impracticable;
> >
> > (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> >
> > (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> >
> > (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). The parties agree that the trustee can sell the property under section 363(h) only if he satisfies all four requirements specified above. The Henshaws do not dispute that the trustee has satisfied the second and fourth requirements. They do dispute whether: (1) partition of the property in kind is impracticable, and (2) the benefit to the estate from the sale of the property as a

3

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 78   Filed  07/10/13   Page 3 of 6

whole would outweigh any detriment to the Henshaws.  11 U.S.C. § 363(h)(1), (3).

The property is comprised of two separate condominium units.  The Henshaws argue that this makes possible a partition in kind.  Strict partition in kind, however, is impracticable in this situation because the units are not equal in value.  Although each unit is approximately the same size, one of the units contains a residence, increasing its value, while the other unit is unimproved land with a lower value.  Examining the evidence in the record, it does not appear practicable to physically divide the property in a way which would result in equal values.

The fact that partition in kind is impracticable does not necessarily mean that both units must be sold.  The trustee has the authority to market the property and find potential buyers.  Before the property is sold, however, the trustee must file a motion in the main bankruptcy case seeking final authority to sell the property and outline the terms of the proposed sale.  In that motion, it would be relevant to consider whether the trustee must sell both units in order to generate net proceeds equivalent to the estate's half interest in both units.  If the trustee finds he is able to realize the value of the estate's interest by selling only one of the two units, he should consider that avenue.

As to the third factor, the Henshaws argue that, if the property is sold, they

4

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 78   Filed  07/10/13   Page 4 of 6

will suffer a loss. They paid at least $678,000 to purchase the property and cover debt service, taxes, and the like. They estimate that their half of the net proceeds of sale of the whole property will be significantly less than their outlay. They are probably correct, but this is the wrong measure of harm. The Henshaws' loss is attributable, not to the proposed sale, but rather to the fact that they paid almost the entire price for the property but gave their son and daughter in law half ownership, and then attempted to retrieve that half interest after the son and daughter in law were broke. The relevant measure of harm is the difference between the harm they would suffer if (a) the trustee sold only the estate's half interest or (b) the trustee sold the whole property and paid the Henshaws half of the net proceeds. The Henshaws do not reside in the property and therefore the sale would not deprive them of their home. They would probably be better off with half of the net proceeds in cash than they would be as co-owners of the property with a stranger. The estate, on the other hand, would probably not be able to realize a similar return if he is only permitted to sell the estate's one-half interest in the property.

The Henshaws also argue that ownership of the property is in dispute. This is yet another attempt to relitigate my prior decision, which has been affirmed at the first appellate level, that the transfer was avoidable. The Henshaws are not

5

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 78   Filed   07/10/13   Page 5 of 6

entitled to relitigate the same issue under a different legal label.

* * *

For the reasons stated above, the trustee's motion for summary judgment is GRANTED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 07/10/2013

6

U.S. Bankruptcy Court - Hawaii   #12-90070   Dkt # 78   Filed  07/10/13   Page 6 of 6